### 7438

### STATE v. CAMPBELL.

CONTRACTORS—MISDEMEANORS.—It is a misdemeanor under section 338 of Criminal Code for a contractor not to pay laborers, subcontractors and material men "out of money received by him" on the contract.

Before MEMMINGER, J., Richland, September, 1909. Reversed.

Indictment against T. E. Campbell. From order quashing indictment, State appeals.

*Solicitor W. Hampton Cobb,* for appellant.

*Messrs. Graham & Sturkie,* contra.

February 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. So much of section 338 of the Criminal Code as is pertinent to the question arising upon this appeal reads as follows: "It shall be the duty of any contractor or contractors, in the erection, alteration or repairing of buildings in the State of South Carolina, to pay all laborers, subcontractors and material men for their lawful services and material furnished out of the money received for the erection, alteration or repairs of buildings upon which said laborers, subcontractors and material men

are employed or interested, and said laborers, as well as all subcontractors and persons who shall furnish material for said building, shall have a first lien on the money received by said contractor or contractors for the erection, alteration or repair of said buildings in proportion to the amount of their respective claims. Nothing herein contained shall make the owner of the building responsible in any way: *Provided,* That nothing contained in this section shall be construed to prevent any contractor or contractors or subcontractors from borrowing money on such contract. Any contractor or contractors or subcontractors who shall for other purposes than paying the money loaned upon said contract expend and on that account fail to pay to any or all laborers, subcontractors and material men out of the money received as provided in this section and as admitted by such contractor or contractors, or as may be adjudged by any court of competent jurisdiction, shall be deemed guilty of a misdemeanor."

Under this section, respondent was indicted for that he "did unlawfully fail to pay one N. D. Porter, one hundred and eleven and 62-100 dollars, amount due him for lumber furnished the said T. E. Campbell, in the erection of the Confederate Home, at Columbia, S. C.; the said T. E. Campbell having had the contract for the erection of the said Home, having received payment in full for same, and having expended the money without having paid the amount due N. D. Porter as aforesaid, thereby defrauding him, against the form of the statute," etc.

On motion of respondent, the Circuit Court quashed the indictment, holding that "the offense created and denounced by section 338 of the Code, *supra,* is for a failure by the contractor to pay laborers and for the material furnished in the construction of the building out of the *money loaned* to him, and that the indictment in this case does not charge the defendant with any criminal offense under section 338 of the Code."

We think this construction of the statute was erroneous. The first part of the section makes it the duty of a contractor to pay laborers, subcontractors and material men "*out of the money received*" on the contract, and gives them a lien thereon, in proportion to the amount of their respective claims; and the latter part makes it a misdemeanor for any contractor to expend the money so received for "*other purposes than paying the money loaned upon said contract,*" and, on that account, fail to pay laborers, subcontractors and material men out of the money so received.

It may be that the failure of a contractor to pay laborers, subcontractors and material men out of the *money loaned* to him on the contract, would also come within the purview of the statute. Otherwise, a contractor might obtain a loan on his contract to the full amount, and fail or refuse to pay his laborers, subcontractors and material men out of the money borrowed, and thereby evade the statute. But that point is not decided, as it is not properly before the Court.

Judgment reversed.